```
                  UNITED STATES DISTRICT COURT
                  EASTERN DIVISION OF KENTUCKY
                  CENTRAL DIVISION at LEXINGTON

GARY KNOX,                        )
                                  )
      Plaintiff,                  )
                                  )        Action No.
v.                                )        5:15-cv-198-JMH
                                  )
UNITED STATES OF AMERICA,         )        MEMORANDUM OPINION
                                  )            AND ORDER
      Defendant.                  )
                                *****
```

Defendant, the United States of America, by counsel, has moved the Court, pursuant to Federal Rule of Civil Procedure 12(b), for an order of dismissal for failure to state a claim. [DE 11]. Alternatively, because declarations and supporting documentation are provided, Defendant has moved the Court for summary judgment pursuant to Federal Rule of Civil Procedure 56. *Id*. Although having been advised of the need to file a response to Defendant's alternative motion and the consequences of a failure to do so [DE 13], Plaintiff has not filed a response.

Plaintiff, Gary L. Knox, Reg. No. 09707-026, (hereinafter "Plaintiff"), is a federal inmate formerly housed at the Federal Medical Center located in Lexington, Kentucky (hereinafter "FMC Lexington"). He was incarcerated at FMC Lexington from May 7, 2008 to June 10, 2014. Plaintiff was sentenced on March 5, 2008, in the Central District of Illinois to 235 months imprisonment and five (5) years supervised release for Bank Fraud, Wire Fraud, Mail

Fraud, and Conspiracy to Commit Money Laundering all in violation of Title 18, U.S.C. 1341, 1343, 1344, 1956(A)(1)(A)(I) & (A)(1)(B)(I). His projected release date is August 24, 2022. He is currently housed at the Federal Medical Center located in Butner, North Carolina (hereinafter "FMC Butner").

Plaintiff filed this action against the United States, pursuant to Federal Tort Claims Act (hereinafter "FTCA"). Plaintiff alleges that while he was incarcerated at FMC Lexington from May 2008 to June 2014, he was not properly diagnosed and treated for his cancer condition. [DE 1].

On or about May 7, 2014, the Consolidated Legal Center at FMC Lexington received a "Claim for Damage, Injury, or Death" (hereinafter "SF-95") from the Plaintiff. In his Claim, Plaintiff alleged that an August 12, 2008, University of Kentucky Medical Center (hereinafter "UKMC") report noted the discovery of a nodule in middle lobe section of the Plaintiff's right lung during a July 29, 2008, CAT scan. [*Id.* at 10]. He also alleged that the UKMC report indicated the need of a PET scan but that no PET scan, CAT scan, MRI or any other type of x-ray was ordered in order to determine whether Neoplasm existed. [*Id.*] Plaintiff claimed that FMC Lexington staff was negligent in their follow-up of his medical condition causing him to now suffer from cancer in its final stages. [*Id.* at 12]. Plaintiff demanded monetary damages for personal injury in the amount of $10 million. [*Id.* at 9].

On October 31, 2014, the Consolidated Legal Center located at FMC Lexington prepared a letter denying Plaintiff's claim. The denial letter was mailed via US Postal Service Certified Mail on November 4, 2014. The letter stated that an investigation of his claim revealed that there was no indication of any negligent act or omission on the part of FMC Lexington. It also notified Plaintiff that he had six months from the determination date to file suit in the appropriate District Court. Thus, per 28 U.S.C. § 2401(b), Plaintiff was required to file a civil action in this court no later than May 4, 2015, six months after the date of the mailing of the denial letter.

Plaintiff initially filed a civil action in this Court on April 27, 2015, and the case was docketed as *Gary L. Knox v. United States of America and the Federal Medical Center, Lexington*, No. 5:15-cv-00110-KKC ("*Knox I*"). [*Knox I*, R. 1: Complaint]. *Knox I* was timely filed under 28 U.S.C. § 2401(b), however, his complaint was deficient in several ways. Plaintiff had neither paid the required filing fee nor filed a motion to proceed *in forma pauperis*. [*Knox I*, R. 3: Deficiency Order at Page ID# 14-15]. He also failed to provide this Court with a copy of the BOP's letter denying his FTCA administrative claim. [*Id.* at 15]. The Court issued a Deficiency Order on April 30, 2015, giving him 21 days (until May 21, 2015) to remedy these deficiencies. [*Id.* at 16]. In said Order, this Court expressly warned Plaintiff that non-

compliance would result in dismissal of this action. [*Id.* at 16]. Nonetheless, twenty-one days passed and Plaintiff had neither paid the filing fee nor moved to proceed *informa pauperis* nor had he submitted a copy of BOP's denial letter. [*Knox I*, R. 4: Order of Dismissal]. Accordingly, on May 29, 2015, this Court dismissed Plaintiff's civil action without prejudice "for want of prosecution and failure to comply with a prior Order[.]" [*Id.* at Page ID# 19].

Subsequent to the Court's dismissal, Plaintiff moved for an extension of time on June 2, 2015 and filed the denial letter and his motion to proceed *in forma pauperis* on June 2, 2015 and June 5, 2015, respectively. [*Knox I*, R. 5: Motion for Extension & R. 6: Motion to File *Informa Pauperis*]. Plaintiff alleged that he had received the Deficiency Order only three days before the compliance date and that he had been unable to see his case manager so that she could certify his denial letter. [*Id.*, R. 5 at Page ID# 20]. On June 5, 2015, the Court denied Plaintif's motion for extension of time, noting that the motion was dated seven days past the twenty-one day compliance deadline set forth in the April 30, 2015, Deficiency Order. [*Knox I*, R. 8: Order at Page ID# 44]. The Court also denied Plaintiff's motion to proceed *in forma pauperis* as moot. [*Knox I*, R. 9: Order at Page ID# 46].

Plaintiff filed the instant case on July 10, 2015. [R. 1]. As previously noted, the BOP's denial letter was mailed to the Plaintiff via certified mail on November 4, 2014. [Martinez Dec. ¶5, Attachment C, Attachment D]. Therefore, the Plaintiff filed the underlying action eight (8) months and six (6) days after the final order of denial was properly mailed by the BOP, well beyond the 6-month FTCA limitations period. Accordingly, Plaintiff's complaint is time barred under 28 U.S.C. § 2401(b).

The filing of the earlier action (*Knox I*) does not toll the six month statute of limitations as to the present action. Plaintiff's action in the case at bar is not timely because his earlier action (*Knox I*) was filed within the six month statute of limitations. "The Sixth Circuit has held that a complaint dismissed without prejudice does not toll the statute of limitations." *Fonseca v. United States*, No. 1:15CV159, 2015 WL 6560646, at *2 (N.D. Ohio Oct. 29, 2015) (*quoting Holland v. United States*, No. 3:11-CV-387, 2012 WL 4442755, at *2 (S.D.Ohio Sept. 25, 2012) (*citing Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir.1987)). "An action dismissed without prejudice leaves the situation the same as if the suit had never been brought." *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981) (quoting *Kington v. United States*, 396 F.2d 9, 10 (6th Cir. 1968)) (internal quotes omitted). "If the limitations period has run by the time the dismissal is filed, the new action is generally untimely." *Crawford*

*v. United States*, No. 1:15 CV 865, 2015 WL 6964580, at *2 (N.D. Ohio Nov. 9, 2015) (*citing Wilson*, 815 F.2d at 28.) Moreover, the "relation back" doctrine does not apply to a separately filed action but rather it applies to an amendment to a pleading in the same action. *Barnes*, 776 F.3d at 1143 (subsequent untimely lawsuit under the Federal Tort Claims Act (FTCA) did not relate back to prior timely lawsuit under FTCA, since relation back doctrine applied only to amendment to pleading in same action.)

  *Knox I* was filed on April 27, 2015 and dismissed without prejudice on May 29, 2015. [*Knox I*, No. 5:15-cv-00110-KKC, R. 1 & R.4]. As discussed *supra*, the six month statute of limitations under 28 U.S.C. § 2401(b) expired on May 4, 2015. Thus, the statute of limitations expired while Plaintiff's earlier suit was pending. But the pendency of *Knox I* did not toll the statute of limitations. In *Crawford v. United States*, the final decision on plaintiff's administrative claim brought under the FTCA was rendered on May 30, 2015 and she filed her civil action on November 29, 2013. 2015 WL 6964580, at *1-2. The Court dismissed plaintiff's action on May 1, 2014, after she failed to file an affidavit of merit with her Complaint. *Id.* at *1. The plaintiff subsequently filed a second civil action on May 1, 2015, well after the six month statute of limitations. *Id.* at *2. The Court determined that the complaint was untimely and granted the United States's motion to dismiss. *Id.* at *3. "In the absence of a statute to the contrary a party

cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending." *Id.* at *2 (*citing Bomer v. Ribicoff*, 304 F.2d 427, 428-29 (6th Cir.1962)) (internal quotations omitted). Similarly, the six month statute of limitations was not tolled while Plaintiff's first case was pending in this Court and his failure to comply with the six month statute of limitations bars the present action.

Having determined that the Defendant's motion to dismiss should be granted, there is no need to address its alternative motion.

Accordingly,

**IT IS ORDERED** that the above-styled action be, and the same hereby is, **DISMISSED with prejudice.**

A separate Judgment in conformity herewith shall this date be entered.

This the 5th day of April, 2016.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge